UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**SETH GROSSMAN**
Attorney at Law
Attorney ID#: 013331975
453 Shore Road
Somers Point, NJ  08244
Tel. 609-927-7333
Attorney for Creditor Robert Cohen

In Re:

MELISSA RADCLIFF

Debtor:

Case No.:14-28675-ABA

Chapter: 13

Hearing Dated: January 6, 2015
Judge: Andrew B. Altenburg, Jr.

Argument: REQUESTED, IF OBJECTION FILED

NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY (LEASE OF REAL ESTATE) PURSUANT TO 11 U.S.C. 362(d)

  Creditor ROBERT D. COHEN hereby moves this Court for relief from the automatic stay, pursuant to 11 U.S.C. Section 362, with respect to the lease of certain real property of the Debtor(s) having an address of 7218 Belmont Avenue, in Mays Landing, Hamilton Township, Atlantic County, New Jersey 08330 (the "Property"), for all purposes allowed by the Lease (defined below) and applicable law, including, but limited to the right to possession upon failure comply with the terms of the lease, including failing to pay rent when due.

  **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

  If you do not want the court to vacate the automatic stay as it relates to the property commonly known as 7218 Belmont Avenue, in Mays Landing, Hamilton Township, Atlantic County, New Jersey 08330 which you currently lease from ROBERT D. COHEN and leased to debtors, and made part of this bankruptcy, or if you want the court to consider your views on the motion, then on or before seven (7) days prior to the hearing date, you or your attorney should complete the steps described in (a) and (b) below:

1

(A) File with the court a written request for a hearing and an answer explaining your position at: United States Bankruptcy Court, Hon Andrew B. Altenburg, Jr., 400 Cooper Street, 4th Floor, Courtroom 4B, Camden, NJ 08101. If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above. You must also mail a copy to me the attorney for your landlord, and the Bankruptcy Trustee at the addresses indicated below;

| | |
|---|---|
| Seth Grossman, Attorney | Isabelle Balboa |
| 453 Shore Road | Chapter 13 Standing Trustee |
| Somers Point, NJ 08244 | Cherry Hill Corporate Center |
| | Cherry Hill, NJ 08002 |

(B) Attend the hearing scheduled for Tuesday, January 6, 2015 at 10:00 A.M., in United States Bankruptcy Court, located at Hon. Andrew B. Altenburg, Jr. Courtroom, 400 Cooper Street, 4th Floor, Courtroom 4B, Camden, New Jersey 08101.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection, and may enter an order granting that relief.

The facts and circumstances supporting this Motion are set forth in the Certification in Support of Motion for Relief from Stay filed contemporaneously herewith (the "Certification").

Movant seeks relief from the automatic stay for the following reasons: Debtor occupies the Property pursuant to a lease agreement whereby Debtor is obligated to pay rent of $1,100 per month on the 25th day of each month during the term of the lease. Debtor filed her petition on September 11, 2014. Thereafter rent of $1,100 became due on September 24, 2014, another $1,100 rent became due on October 24, 2004, and another $1,100 will become due on November 24, 2014. Debtor's right to occupancy of the Premises is conditioned on Debtor's payment of that rent. Debtor owed Movant $2,406 of past due rent when her petition was filed on September 11, 2014.

According to her Chapter 13 plan filed on September 25, 2014, Debtor agreed to pay monthly trustee payments of $172 on the 14th day of each month starting October, 2014, and $344 of payments should have been made to trustee by now.

Movant requests the following relief:

(a) Relief from the stay for all purposes allowed by the Lease and New Jersey Landlord Tenant Law, including but not limited to allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to obtain possession of the Property.

(b) That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

(c) For such other relief as the Court deems proper.

2

STATEMENT OF NON-NECESSITY OF BRIEF: The Movant certifies pursuant to N.N.J. LBR 9013-2 that the within motion involves common questions of law and fact and does not involve complex or novel issues such as to require the submission of a legal brief.

Dated: November 21, 2014

_____
SETH GROSSMAN
Attorney for Creditor ROBERT COHEN